UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L. BUNCH,** : | |
| : | |
| Plaintiff : | CIVIL NO. 4:10-CV-1920 |
| : | |
| vs. : | (Judge Conaboy) |
| : | |
| **MICHAEL J. ASTRUE,** : | |
| **COMMISSIONER OF SOCIAL** : | |
| **SECURITY,** : | |
| : | |
| Defendant : | |

**MEMORANDUM AND ORDER**

**BACKGROUND**

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Ronald L. Bunch's claim for social security disability insurance benefits.

Bunch filed his application for disability insurance benefits on November 23, 2005. Tr. 29, 31 and 109-113.[1] The application was initially denied by the Bureau of Disability Determination on February 13, 2006.[2] Tr. 51-54. Bunch requested an administrative hearing and a hearing was held before an administrative law judge on January 3, 2007. Tr. 465-505. On January 18, 2007, the administrative law judge issued a decision

---

1. References to "Tr.___" are to pages of the administrative record filed by the Defendant as part of his Answer on December 22, 2010.

2. The Bureau of Disability Determination is an agency of the Commonwealth of Pennsylvania which initially evaluates applications for disability insurance benefits on behalf of the Social Security Administration. Tr. 51.

denying Bunch's application. Tr. 35-40.  Bunch filed a request for review with the Appeals Council and on July 16, 2007, the Appeals Council granted review and remanded the case to the administrative law judge for further proceedings.  Tr. 41-45.  A second hearing was held before the same administrative law judge on January 10, 2008. Tr. 506-519.  The administrative law judge issued a decision on February 16, 2008, denying Bunch disability insurance benefits. Tr. 19-27.  On March 26, 2008, Bunch filed a request for review of that decision with the Appeals Council. Tr. 15.  After two years and four months had passed, the Appeals Council concluded that there was no basis upon which to grant Bunch's request for review. Tr. 1-3.  Thus, the administrative law judge's decision stood as the final decision of the Commissioner.  Bunch then filed a complaint in this court on September 14, 2010.  Supporting and opposing briefs were submitted and the appeal[3] became ripe for disposition on May 11, 2011, when Bunch filed his reply brief.

      Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured."  It is undisputed that Bunch met the insured status requirements of the

---

3.  Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal."  M.D.Pa. Local Rule 83.40.1.

Social Security Act through December 31, 2003. Tr. 19, 21 and 109. In order to establish entitlement to disability insurance benefits Bunch was required to establish that he suffered from a disability on or before that date.  42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §404.131(a)(2008); see Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).

The above-captioned case is related to the case of Bunch v. Astrue, Civil Action No. 4:10-CV-1921 (M.D. Pa. filed Sept. 14, 2010).  That case involved a claim for supplemental security income benefits[4] and was originally assigned to Judge Muir and then reassigned to Judge Nealon on August 10, 2011.  On November 21, 2011, Judge Nealon remanded the case to the Commissioner for further proceedings. Id., slip op. (M.D. Pa. filed Nov. 21, 2011)(Doc. 17).  Judge Nealon found that the administrative law judge committed four errors warranting remand.  In the present case Bunch raises one similar error.  Consequently, for the reasons set forth below we will remand the case to the Commissioner for further proceedings.

**STANDARD OF REVIEW**

When considering a social security appeal, we have plenary review of all legal issues decided by the Commissioner.

---

4. Supplemental security income is a federal income supplement program funded by general tax revenues (not social security taxes).  It is designed to help aged, blind or other disabled individuals who have little or no income. Insured status is irrelevant in determining a claimant's eligibility for supplemental security income benefits.

See Poulos v. Commissioner of Social Security, 474 F.3d 88, 91 (3d Cir. 2007); Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999); Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995).  However, our review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence."  Id.; Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). Factual findings which are supported by substantial evidence must be upheld. 42 U.S.C. §405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)("Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence.");  Keefe v. Shalala, 71 F.3d 1060, 1062 (2d Cir. 1995); Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001);  Martin v. Sullivan, 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990).

Substantial evidence "does not mean a large or considerable amount of evidence, but 'rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197,

4

229 (1938)); <u>Johnson v. Commissioner of Social Security</u>, 529 F.3d 198, 200 (3d Cir. 2008); <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance. <u>Brown</u>, 845 F.2d at 1213. In an adequately developed factual record substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." <u>Consolo v. Federal Maritime Commission</u>, 383 U.S. 607, 620 (1966).

Substantial evidence exists only "in relationship to all the other evidence in the record," <u>Cotter</u>, 642 F.2d at 706, and "must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. N.L.R.B.</u>, 340 U.S. 474, 488 (1971). A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. <u>Mason</u>, 994 F.2d at 1064. The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. <u>Johnson</u>, 529 F.3d at 203; <u>Cotter</u>, 642 F.2d at 706-707. Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole. <u>Smith v. Califano</u>, 637 F.2d 968, 970 (3d Cir. 1981); <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 407 (3d Cir. 1979).

**SEQUENTIAL EVALUATION PROCESS**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

The Commissioner utilizes a five-step process in evaluating disability insurance and supplemental security income claims. See 20 C.F.R. §404.1520; Poulos, 474 F.3d at 91-92. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is engaging in substantial gainful

activity,[5] (2) has an impairment that is severe or a combination of impairments that is severe,[6] (3) has an impairment or combination of impairments that meets or equals the requirements of a listed impairment,[7] (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy. Id.  As part

---

5. If the claimant is engaging in substantial gainful activity, the claimant is not disabled and the sequential evaluation proceeds no further.

6.  The determination of whether a claimant has any severe impairments, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. § 404.15209(c). If a claimant has no impairment or combination of impairments which significantly limits the claimant's physical or mental abilities to perform basic work activities, the claimant is "not disabled" and the evaluation process ends at step two. Id.  If a claimant has any severe impairments, the evaluation process continues.  20 C.F.R. § 404.1520(d)-(g). Furthermore, all medically determinable impairments, severe and non-severe, are considered in the subsequent steps of the sequential evaluation process.  20 C.F.R. §§ 404.1523 and 404.1545(a)(2).

7. If the claimant has an impairment or combination of impairments that meets or equals a listed impairment, the claimant is disabled. If the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment, the sequential evaluation process proceeds to the next step. 20 C.F.R. § 404.1525 explains that the listing of impairments "describes for each of the major body systems impairments that [are] consider[ed] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  Section 404.1525 also explains that if an impairment does not meet or medically equal the criteria of a listing an applicant for benefits may still be found disabled at a later step in the sequential evaluation process.

of step four the administrative law judge must determine the claimant's residual functional capacity. Id.[8]

Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. See Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). A regular and continuing basis contemplates full-time employment and is defined as eight hours a day, five days per week or other similar schedule. The residual functional capacity assessment must include a discussion of the individual's abilities. Id; 20 C.F.R. § 404.1545; Hartranft, 181 F.3d at 359 n.1 ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).").

**MEDICAL RECORDS**

The administrative record in this case is 545[9] pages in length and we have thoroughly reviewed that record. Before we address the administrative law judge's decision and the errors

---

8. If the claimant has the residual functional capacity to do his or her past relevant work, the claimant is not disabled.

9. The last page of the administrative record (Doc. 9) is numbered 519. However, contained within the administrative record there are 27 additional pages marked as 161A through 161AA. The Commissioner filed two copies of the administrative record (Docs. 8 and 9). The first copy (Doc. 8) is incomplete. The last page of Doc. 8 was 485. We relied on the second copy filed as Doc. 9.

committed by her, we will review briefly some of the medical evidence.

Bunch claims that he is unable to work because of mental and physical impairments. Tr. 51, 120-121, 149, 167.  He identified depression with loss of memory as his mental health impairment and diabetes, fatigue, shoulder problems, gastroesophageal reflux disease, hypertension, vertigo and arthritis as his physical impairments. Id.

Ann Ramage, M.D., commenced treating Bunch in April, 2003. Tr. 309.  Dr. Ramage treated Bunch's depression with medications before and after his insured status expired in December, 2003.  Dr. Ramage changed the types and dosages of the medications often.  Her records show at various times she treated Bunch's depression with Lexapro,[10] Effexor,[11] Wellbutrin,[12] Lithium,[13] Seroquel,[14] and Cymbalta.[15] Tr. 289-309, 393-398 and 444-

---

10.  Lexapro is used to treat anxiety and major depressive disorder. Lexapro, Drugs.com, http://www.drugs.com/lexapro.html (Last accessed December 6, 2011).

11.  Effexor is a drug used to treat major depression and anxiety.  Effexor, Drugs.com, http://www.drugs.com/effexor.html (Last accessed December 6, 2011).

12.  Wellbutrin is an antidepressant medication used to treat major depressive disorder. Wellbutrin, Drugs.com, http://www.drugs.com/wellbutrin.html (Last accessed December 6, 2011).

13.  Lithium is used to treat depression involving manic episodes. Lithium, Drugs.com, http://www.drugs.com/lithium.html (Last accessed December 6, 2011).

14.  "Seroquel (quetiapine) is an antipsychotic medicine. . . .
(continued...)

448.  On October 6, 2003, prior to Bunch's date last insured, Dr. Ramage noted that Bunch's depression was uncontrolled and increased Bunch's dosage of Effexor. Tr. 306.  Dr. Ramage's treatment records of Bunch in 2004 and 2005 continued to note Bunch's depression. Tr. 290, 293-296 and 299.

Based on a referral from Dr. Ramage, Harvey H. Shapiro, M.D., a psychiatrist, commenced treating Bunch in December, 2005. Tr. 291 and 399.  Dr. Shapiro obtained and reviewed Bunch's medical records, including childhood records. Tr. 399-400.  Dr. Shapiro found that Bunch was suffering from "social phobia" and "[m]ajor depression with obsessive (dwelling) features."  Tr. 400. Dr. Shapiro described Bunch's situation as obviously challenging and commenced the medications Seroquel and Abilify.[16] Tr. 400. Dr. Shapiro gave Bunch a Global Assessment of Functioning (GAF) score of "40 or less."[17]  Id.  Like Dr. Ramage, Dr. Shapiro

---

14.  (...continued)
used together with antidepressant medications to treat major depressive disorder in adults." Seroquel, Drugs.com, http://www.drugs.com/seroquel.html (Last accessed December 6, 2011).

15.  Cymbalta is used to treat depression and chronic musculoskeletal pain. Cymbalta, Drugs.com, http://www.drugs.com/cymbalta.html (Last accessed December 6, 2011).

16.  "Abilify (aripiprazole) is an antipsychotic medication . . . used to treat the symptoms of psychotic conditions such as schizophrenia and bipolar disorder (manic depression). It is also used together with other medications to treat major depressive disorder in adults." Abilify, Drugs.com, http://www.drugs.com/abilify.html (Last accessed December 6, 2011).

17.  The GAF score allows a clinician to indicate his judgment of
(continued...)

changed the dosages and types of Bunch's medications several times. Tr. 347-359, 402-413 and 449-453.

In December, 2006, Dr. Shapiro evaluated Bunch's psychiatric impairments and how they impacted his mental functional abilities. Tr. 345-346.  Dr. Shapiro stated that Bunch lacked the ability to meet 14 mental work demands (including the ability to deal with work stress, fulfill quota or production requirements, maintain attention/concentration, and accept instructions) sufficiently to complete an 8-hour workday. Id.  Dr. Shapiro identified multiple clinical signs and finding to support his assessment, including mood disturbance, concentration difficulty, memory difficult, attention difficulty and decreased energy. Id.  Dr. Shapiro stated that Bunch's impairments "existed and persisted . . . at least since June 21, 1998." Id.   Dr.

---

17.  (...continued)
a person's overall psychological, social and occupational functioning, in order to assess the person's mental health illness. *Diagnostic and Statistical Manual of Mental Disorders* 3-32 (4th ed. 1994). A GAF score is set within a particular range if either the symptom severity or the level of functioning falls within that range. Id. The score is useful in planning treatment and predicting outcomes. Id.  A GAF score of 21-30 represents behavior considerably influenced by delusions or hallucinations or serious impairment in communication or judgment or inability to function in almost all areas.  A GAF score of 31-40 represents some impairment in reality testing or communication or major impairment in several areas,  such as work or school, family relations, judgment, thinking or mood. Id.  A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupational or school functioning.  Id.

Ramage also provided a similar assessment in December, 2006. Tr. 336-337.[18]

**DISCUSSION**

The determination of whether a claimant has any severe impairments, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. § 404.1520(c). If a claimant has no impairment or combination of impairments which significantly limits the claimant's physical or mental abilities to perform basic work activities, the claimant is "not disabled" and the evaluation process ends at step two. Id. If a claimant has any severe impairments, the evaluation process continues. 20 C.F.R. § 404.1520(d)-(g). An impairment significantly limits a claimant's physical or mental abilities when its effect on the claimant to perform basic work activities is more than slight or minimal. Basic work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl, and handle. 20 C.F.R. § 404.1545(b). An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures. 20 C.F.R. § 1545(c).

---

18. The Court of Appeals for this circuit has held that opinion evidence cannot be automatically rejected because it is retrospective and an administrative law judge errs when he or she fails to consider a physician's retrospective medical opinion based on a review of a patient's medical records. Newell v. Comm. of Social Security, 347 F.541,547 (3d Cir. 2003); Fowler v. Califano, 596 F.2d 600, 602-603 (3d Cir. 1979). In this case Dr. Shapiro treated Bunch and also reviewed his medical history.

The administrative law judge in this case denied Bunch's claim for disability insurance benefits at step two of the sequential evaluation process when she found that Bunch had no severe impairments on or prior to December 31, 2003, the date last insured. Tr. 22-26.

Bunch argues that the administrative law judge erred at step two of the sequential evaluation process when she failed to acknowledge and evaluate the opinion of Dr. Shapiro.  We find substantial merit in Bunch's arguments.

Other than a "check-form" opinion of a non-treating, non-examining state agency psychologist, there are no opinions in the record which are contrary to the opinions of Dr. Ramage and Dr. Shapiro regarding the severity of Bunch's mental impairments. A physician did testify at the administrative hearing regarding the severity of Bunch's physical impairments and the administrative law judge appears to have relied on that testimony in finding that Bunch did not have any severe physical impairments on or prior to December 31, 2003.  However, a psychiatric expert did not testify at the administrative hearing held in this case on January 10, 2008.[19]

---

19. The administrative hearing held on January 10, 2008, was the second administrative hearing. The Appeals Council had remanded the case to the administrative law judge with directions to obtain evidence from a medical expert to clarify the nature of Bunch's mental impairments, if necessary. Tr. 41. The order did not raise the prospect of a medical expert testifying regarding Bunch's physical impairments. Instead of obtaining expert psychiatric testimony, the administrative law judge called Alan
(continued...)

The preference for the treating physician's opinion has been recognized by the Court of Appeals for the Third Circuit and by all of the federal circuits. See, e.g., Morales v. Apfel, 225 F.3d 310, 316-18 (3d Cir. 2000). When the treating physician's opinion conflicts with a non-treating, non-examining physician's opinion, the administrative law judge may choose whom to credit in his or her analysis, but "cannot reject evidence for no reason or for the wrong reason." Id. In choosing to reject the evaluation of a treating physician, an administrative law judge may not make speculative inferences from medical reports and may reject treating physician's opinions outright only on the basis of contradictory medical evidence. Id. An administrative law judge may not reject a written medical opinion of a treating physician based on his or her own credibility judgments, speculation or lay opinion. Id. An administrative law judge may not disregard the medical opinion of a treating physician based solely on his or her own "amorphous impressions, gleaned from the record and from his evaluation of the [claimant]'s credibility." Id. As one court has stated, "Judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." Schmidt v. Sullivan, 914 F.2d 117, 118 (7th Cir 1990).

---

19. (...continued)
C. Alexander, III, M.D., an expert in rheumatology and internal medicine. Tr. 509.

The administrative law judge appears to have relied on the check-form opinion of the state agency psychologist[20] and also engaged in her own lay analysis of the medical records. The administrative law judge did not give an adequate reason for rejecting the opinions of Dr. Ramage and failed to address the opinion of Dr. Shapiro.

Our review of the administrative record reveals that the decision of the Commissioner is not supported by substantial evidence. We will, therefore, pursuant to 42 U.S.C. § 405(g) vacate the decision of the Commissioner and remand the case to the Commissioner for further proceedings.

An appropriate order will be entered.

<ins>S/Richard P. Conaboy</ins>
RICHARD P. CONABOY
United States District Judge

Dated: December 7, 2011

---

20. The administrative law judge does not, however, specifically refer to the "Psychiatric Review Technique" form that the state agency psychologist completed. Tr. 414-426.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD L. BUNCH,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 4:10-CV-1920 |
| | : | |
| vs. | : | (Judge Conaboy) |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** | : | |
| | : | |
| Defendant | : | |

**ORDER**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court shall enter judgment in favor of Ronald L. Bunch and against Michael J. Astrue, Commissioner of Social Security, as set forth in the following paragraph.

2. The decision of the Commissioner of Social Security denying Ronald L. Bunch disability insurance benefits is vacated and the case remanded to the Commissioner of Social Security to:

2.1 Conduct a new administrative hearing and appropriately evaluate the medical evidence and the opinions of Dr. Ramage and Shapiro in accordance with the background of this order.

3. On remand the Commissioner shall consolidate this case with Bunch's claim for supplemental security income benefits.

See <u>Bunch v. Astrue</u>, Civil Action No. 10-1921, slip op. (M.D.Pa. filed November 21, 2011)(Doc. 17).

        4.  The Clerk of Court shall close this case.

                          <u>S/Richard P. Conaboy</u>
                          RICHARD P. CONABOY
                          United States District Judge

Dated: December 7, 2011